THE PEOPLE, *ex. rel.* I. S. Marshall, *vs.* JESSE McKINNEY.

The act of April 12, 1856, (*Laws of* 1856, *p.* 285,) relative to common schools, required the board of supervisors of the several counties to meet on the 3d day of June in that year, and elect a school commissioner, for each assembly district, who should hold his office until January 1, 1858. Section 7 directed that at the general election to be held in 1857, "and every three years thereafter," there should be elected a school commissioner for each assembly district, who should enter into office on the 1st of January, 1858, and should hold office for three years and until his successor should have qualified &c. Section 9 authorized any commissioner to resign his office, and for the appointment by the county judge of a successor to fill the office till the next general election thereafter. A vacancy occurring in the office of school commissioner in Chemung county, in September, 1862, by the resignation of the incumbent, whose term of office would have expired on the 31st of December, 1863, M. was appointed by the county judge, to fill the vacancy. At the general election in November, 1862, McK. was duly elected to that office, without any thing in the notice of election to show that it was to fill a vacancy; and he immediately entered upon the duties of the office. At the general election in November, 1863, M. was elected to the said office, and on the 1st day of January, 1864, claimed to hold the same, and to enter upon the duties thereof, while McK. claimed still to hold the office.

*Held,* 1. That the appointment of M., in September, 1862, to fill a vacancy, only entitled him to hold the office till the general election in November thereafter.

2. That the vacancy in the office, occurring in September, 1862, did not change the time of electing the commissioner, so that one was not thereafter to be elected " every three years," dating from the general election in 1857.

3. That section 9 of the statute should be construed as relating exclusively to vacancies, and the filling of them; and that there was no incongruity between it and section 7.

4. That McK.'s election in 1862 must be deemed to have been only for the vacancy, and that his term of office commenced at the date of such election, and expired on the last day of December, 1863; and that M. was duly elected at the general election in 1863, for the term of three years, commencing on the 1st day of January, 1864, and was entitled to the office, with the fees and emoluments from that time.

THIS case was agreed upon and submitted to the general term for decision. The facts are as follows: At the general election in November, 1860, James McMillen was duly elected school commissioner of the county of Chemung, under the act of the legislature, (chapter 179 of the laws of 1856.) In the month of September, 1862, McMillen resigned such office, and thereupon the above named Isaac S. Marshall was duly appointed by the county judge of said county to fill the vacancy thereby caused in said office. At the general election in November, 1862, the above named Jesse McKinney was duly elected to said office; due notice having been given of such election, without any thing in the notice to show that it was to fill a vacancy; and under such election, he immediately, on the 15th day of November, 1862, entered upon the duties of said office, and still claims to hold the same, and continues to act as said school commissioner.

At the general election in 1863, due notice having been given by the secretary of state that a school commissioner for Chemung county was to be chosen at such election, and the said McKinney and said Marshall having been respectively nominated for the office of school commissioner of said county, both entered into a canvass for said office and solicited the election thereto, and received the following votes for such office, viz: Isaac S. Marshall received 2807 votes, and Jesse McKinney received 2703 votes, and they alone were

voted for at said election for said office. Marshall received his certificate of election to said office and took the oath of office, and on the first day of January, 1864, claimed to hold the office and to enter upon the duties thereof.

The question submitted to the court was, whether McKinney, under the constitution and laws of the state, was entitled to hold said office of school commissioner for a longer period than up to the first day of January, 1864, and also whether he or the relator, Isaac S. Marshall, is entitled to the said office.

*H. B. Smith*, for the relator.

*E. P. Hart*, for the defendant.

*By the Court*, BALCOM, J. The act of 1856 (*Laws of* 1856, *p.* 285) required the board of supervisors to meet on the 3d day of June in that year, and elect a county officer " to be called school commissioner," who should hold his office until the first day of January, 1858.

It was provided, among other things, by section seven of the act referred to, that at the annual general election held in the year one thousand eight hundred and fifty-seven, *"and every three years thereafter,"* there shall be elected, on a separate ballot to be endorsed "school commissioner," in the several assembly districts, a school commissioner for each district. That the persons so elected shall enter into office on the first day of January one thousand eight hundred and fifty-eight, "and shall hold office for three years and until their successors shall have qualified according to law."

Section nine of such act is as follows: "Any commissioner may at any time resign his office to the clerk of the county in which he was elected, and in case of vacancy from such cause, or by death, removal from office or from the county, or refusal to accept, the county clerk shall give immediate notice to the county judge of said county, who shall appoint

a successor to fill such vacancy till the next following general election, when a successor shall be chosen by the electors as hereinbefore provided."

Chemung county is one assembly district.

The appointment of Marshall in September, 1862, to fill a vacancy only entitled him to hold the office of school commissioner till the general election in November of that year. The question therefore is, whether the election of McKinney, at that election, entitles him to hold the office three years from the time he was elected, or three years commencing on the first day of January, 1863 ; or only entitled him to hold the office during the unexpired term of McMillen, whose resignation first caused the vacancy in September, 1862.

If McMillen had not resigned, his term of office would have expired on the 31st day of December, 1863; and in that case there could have been no doubt that it would have been proper and legal to elect a school commissioner at the general election in that year, who should hold office three years, commencing on the first day of January, 1864.

Did the vacancy in the office of school commissioner in September, 1862, change the time of electing such officer, so that one was not thereafter to be elected "every three years," dating from the general election in 1857 ? I am of the opinion it did not.

All difficulty on the subject vanishes by construing section nine of the act referred to as relating exclusively to vacancies and the filling of vacancies; and I think this is the obvious meaning of the section.

The vacancy caused in September, 1862, could not be filled by appointment longer than till the first day of the next January thereafter, by reason of a constitutional inhibition, (*Con. art.* 10, *sec.* 5,) even if the legislature had attempted to authorize it.

The legislature only authorized the filling of a vacancy in the office, by appointment "till the next following general election ;" for the reason that they provided for *then* filling

it by the electors. And it is obvious if they had intended that a school commissioner should *then* be elected *for the term of three years,* they would have declared that the person so elected should enter upon the duties of his office on the first day of January thereafter, and that the person previously appointed to fill the vacancy should hold the office until that day; and they did neither. This omission has a plain significance, and shows that section nine must be construed to relate exclusively to vacancies and the filling of them. For unless it be so construed a school commissioner, elected by the people at the next general election after the happening of a vacancy, must hold the office only three years *from such election,* and not three years commencing on the first day of January thereafter.

A person elected by the people pursuant to section nine, to fill a vacancy, is chosen by the electors as previously provided in the act, when he is voted for on a separate ballot, indorsed "school commissioner," and the votes are received and counted in the manner prescribed by section seven.

If these views are correct, there is no incongruity between sections seven and nine; and the elections for full terms, provided for by the act of 1856, go on harmoniously, once in every three years, dating from the general election in 1857.

My conclusion is that McKinney's election in 1862 must be deemed to have been only for the vacancy, and that his term of office, under that election, commenced at the date of such election, and expired on the last day of December, 1863; and that the relator, Marshall, was duly elected at the general election in 1863 for the term of three years, commencing on the first day of January, 1864; and consequently that he is entitled to the office and all the profits and emoluments thereof, commencing on the last mentioned day; and that he should have judgment therefor, with costs.

Decision accordingly.

[BROOME GENERAL TERM, May 10, 1864. *Campbell, Parker, Mason* and *Balcom,* Justices.]