## SUPREME COURT.

THE PEOPLE *ex rel.* CHARLES ROSENKRANS agt. JOSEPH B. CARR, secretary of state.

*Surrogate of New York county — his term of office.*

A vacancy occurring in the office of surrogate of the county of New York by the death of one V. S., who had been elected at the general election in November, 1875, and whose term of office would have expired January, 1882, but who died in April, 1876, and on the twelfth of the same month C. was appointed to fill the vacancy by the board of alder-men of New York, acting as supervisors. At the general election held in November following, C. was elected surrogate by the electors of the city and county of New York:

*Held* — 1. That the election of C. to the office of surrogate at the general election in November, 1876, only entitles him to hold the office for the unexpired term of V. S., which will terminate with the year 1881.

2. That the act of 1869 simply enlarged the term of office to six years, leaving in full force the provisions of the act of 1847, for filling vacancies caused by death, resignation or otherwise.

3. That the constitutional provisions as amended in 1869 do not apply to the surrogate of the city and county of New York.

4. That Mr. C., under the existing provisions of the constitution and the statutes relating to the office of surrogate, is only entitled to hold said office for the unexpired term of V. S., which will terminate with the year 1881 (*Reversing S. C., ante,* 5).

*General Term, October,* 1881.

*Before* DAVIS, *P. J.;* BRADY *and* DANIELS, *J. J.*

APPEAL by the relator from decision denying motion for a peremptory *mandamus* to compel the secretary of state to include the surrogate in his notice of officers to be elected at the coming general election in the city and county of New York.

*James M. Lyddy,* for appellant.

*Wm. B. Ruggles,* deputy attorney-general, for respondent.

DAVIS, *P. J.*—The relator, as a citizen of the United States and of the state of New York, and a resident and elector of the city and county of New York, moved, at special term, for a *mandamus* to require the respondent, who is the secretary of state of the state of New York, to include in the election notice, required to be published by statute, the office of surrogate of the city and county of New York, claiming that the office of the present incumbent will expire with the year 1881, and that a surrogate is to be elected for a succeeding term of six years. The question presented by the motion is whether the present incumbent, under the existing provisions of the constitution and statutes relating to that office, was elected for a full term of six years, or to fill a vacancy caused by the death of Stephen D. Van Schaick, who was elected to a full term of six years at the general election of 1875, and entered upon the duties of his office on the 1st of January, 1876, and died in April following.

Upon the death of Mr. Van Schaick, Delano C. Calvin, the present incumbent, was appointed by the board of aldermen of the city of New York, acting as supervisors, under the provisions of chapter 448 of the Laws of 1847, to fill the vacancy caused by such death "until the general election next ensuing." At the general election in November, 1876, Mr. Calvin was elected to the office, as appears in the papers presented, "in place of Delano C. Calvin, appointed in the place of Stephen D. Van Schaick, deceased." The relator contends that this election conferred on Mr. Calvin only the residue of the unexpired term of Stephen D. Van Schaick, which will terminate with the year 1881. The respondent insists that it conferred on Mr. Calvin a full term of six years, which will expire with the year 1882. So far as the question is controlled by statutes, it depends upon the provisions of chapter 448 of the Laws of 1847, and chapter 292 of the Laws of 1869. Chapter 448 of the Laws of 1847 provides as follows :

" SECTION 1. There shall be elected at the general annual election in and for the city and county of New York, held in

the month of November, in the same manner that the other city and county officers are elected, a recorder and surrogate for said city and county, who shall hold their respective offices for the term of three years from the first day of January next after said election.

"SECTION 3. In case a vacancy shall occur in either of said offices, by death, resignation or otherwise, the board of supervisors of said city and county are authorized to fill such vacancy until the general election next ensuing the happening of such vacancy, when an election shall be had to fill the unexpired term of the officer whose term had so become vacant."

These sections clearly provided for several distinct things : First, the electing of a surrogate and the fixing of his term of office ; second, the filling of a vacancy caused by death, resignation or otherwise, by an appointment to be made by the board of supervisors "until the general election next ensuing the happening of such vacancy," and then by an election for "the unexpired term of the officer whose term had so become vacant." The provision which fixes the term of the office, and those providing for filling a vacancy occurring during a term, are so clearly distinct and independent that a repeal or modification of either has no necessary effect upon the other ; and especially would this be the case where the supposed repealing act left the system of the statute untouched in most of its general features, and directed itself to a single one of them. The act of 1869 (*chap.* 292, *Laws of* 1869) contains but one section. The title is, "An act to fix the duration of the term of office of the recorder, city judge and surrogate in the city and county of New York."

This is one, and but one feature of the system created by the statute of 1847, for filling the office of surrogate. The duration of the term of office is fixed by that statute at three years. In 1869 the legislature, having in view that term, and intending, as declared by the title of the act, to "fix" it at a different and longer term, enacted that "the

term of office of the persons who shall hereafter be elected to the office of recorder, city judge and surrogate respectively, in the city and county of New York, shall be six years." There is in this brief enactment no express repeal of any portion of the statute of 1847. It therefore repeals by implication only so much of the provisions of that statute as are necessarily and absolutely inconsistent with it; and it falls within the rule that "repeals by implication are not favored in the law, and that if, consistently with the plain words of the later statute, the older statute can stand, it shall be so adjudged."

Aided by the index given by the title of the act, we have no difficulty in discerning that its sole object was "to fix the duration of the term of office," and then collating its single section with the first section of the former statute, we at once see that the only change made is in that part of the section which fixes such term. The former statutes does it in these words: "Who shall hold their respective offices for the term of three years from the first day of January next after such election." The later statute does it by these words: "The term of office of the persons who shall be hereafter elected * * * shall be six years." It seems to us perfectly apparent that this provision was not intended to repeal or abrogate any portion of the provisions relating to the filling of accidental vacancies. The periods for which that class of vacancies is to be filled are not regarded by either act as "terms of the office." They are provided for as something different in their nature and requiring independent legislation, attention and regulation; and the best argument that can be made against the contention that they are repealed or changed is that the legislature, in fixing the term of the office of surrogate by the act of 1869, left them entirely alone.

This view is greatly strengthened by observing what provisions of the act of 1847 remain unquestionably intact. In the first section the portion that provides for the election of a surrogate, and prescribes the time and manner of such elec-

tion, are left in full force, and the portion which declares that the term shall commence from the first day of January next after said election was undoubtedly intended to be preserved. But no such provision is contained in the act of 1869. That act simply declares that the term of office of persons who shall hereafter be elected    *    *    *    shall be six years. Six years from when? To answer that question we must resort to the first section of the act of 1847, and by force of the latter enactment, in place of the words "who shall hold their offices for three years," read "the terms of office of persons hereafter elected shall be six years from the first day of January next after such election," and we have the manifest purpose of the legislature. It is not easy to see what intention of the act of 1869 is not fully answered by this view. If we look at the third section of the act of 1847, it appears clearly that the part relating to filling vacancies by the board of supervisors cannot be affected. They "are authorized to fill such vacancy until the general election next ensuing the happening of such vacancy." It was under this provision that Mr. Calvin was appointed, and he held the office under it until the next general election. As soon as that election was completed by the final canvass and announcement of his election by the board of county canvassers, his appointment by the supervisors ceased, and he held by virtue of his election. He could not hold by his appointment until the first day of January next ensuing, for the statute declares otherwise. If he took by that election a term of six years, under the act of 1869, there must either have been an absolute interregnum in the office from the time of the completed election until the first of January following, or his term of six years commenced at the time his election was consummated by the final canvass and certificate. In the latter case, his term will expire and another vacancy will ensue of a month or more in 1882. Surely the legislature had no such thing in contemplation, nor had the people of this city when they voted for him to succeed to the unexpired term of Mr. Van Schaick, deceased.

But we avoid all possible confusion in construing these statutes when we regard that of 1869 as simply enlarging the term of the office to six years, leaving in full vigor the provisions of the act of 1847 for filling vacancies caused by death, resignation or otherwise. Great stress is laid by the court below upon the words "the term of office of the persons who shall be hereafter elected to the office of *  *  * surrogate shall be six years," arguing that these words indicate an intention to cover every election of a person to perform the duties of the office, whether for a full term or an accidental vacancy. But so did the first section of the act declare with equal emphasis that persons elected under its provisions "shall hold their offices for the term of three years from the first day of January next after such election;" yet no one thought of claiming that if the election of the surrogate was made after the death of an incumbent there was any inconsistency between the declaration of the first section that a person elected surrogate shall hold for three years, and the provision that one elected to an unexpired term when a vacancy occurs by death shall only fill out the term of his predecessor.

The fallacy of the argument grows out of the failure to observe that the statutes recognize a clear distinction between an election " to the office " of surrogate and an election to fill a vacancy that has occurred by death in the office. When this distinction is borne in mind, all conflict between the statutes disappears, and no hiatus in the office can exist and no difficulty arise as to the period for which any incumbent is chosen.

But it is contended that certain provisions of the constitution affect the question. We are not able to preceive any soundness in this position. There is no provision of the constitution which provides for filling vacancies " by death " in the office of surrogate of this city and county. It may be laid down as an indisputable proposition, that where the constitution creates or recognizes an office and prescribes its term, but fails to provide expressly, or by necessary implication,

what period and in what manner vacancies occurring (except by lapse of terms) shall be filled, such vacancies are the subject of legislation, and may be provided for and regulated by statute.   There is no incongruity between such legislation and the constitution.   The provisions of the constitution referred to by the court below and relied upon by counsel, have, in our opinion, no application to the case before us.   By section 15 of the present judiciary article (*article* 6 *of the constitution*), it is provided that "the existing county courts are continued, and the judges thereof in office at the adoption of this article shall hold their offices until the expiration of their respective terms.   Their successors shall be chosen by the electors of the counties for the term of six years.   The county judge shall also be surrogate of his county; but in counties having a population exceeding forty thousand, the legislature may provide for the election of a separate officer to be surrogate, whose term of office shall be the same as that of the county judge." It is under this provision, of course, that all the counties which have county courts are provided also with surrogates. In all of them the county judge is, by the constitution, made surrogate; and there is and can be no other surrogate unless the legislature choose to provide for the election of a "separate officer to be surrogate;" and in cases where that is done, the term of office of such officer is the same as that of the county judge whom he supersedes in the duties of the office. But the city of New York never had a county court or a county judge within the meaning of the fifteenth section. Nor has a "separate officer" ever been provided for and elected to be surrogate under its provisions.   The office of surrogate of the city and county of New York existed long prior to the present constitution by operation of laws not complicated in any wise with the system of county courts and county judges as recognized or created by the constitution for other counties of the state.   The surrogate of the city is not elected to perform duties which otherwise devolve on a county judge because the population exceeds 40,000.   The constitu-

tion did not abrogate the office nor interfere with the laws which created it, but by section 12 of article 14 provided that the "surrogate's courts of the city and county of New York shall remain, until otherwise directed by the legislature, with their present powers and jurisdictions," and the judge of such court and any clerk thereof in office on the 1st day of January, 1847, continue in office until the expiration of their terms of office or until the legislature should otherwise direct.

We have seen by the act of 1847, already so often referred to, what the legislature did provide for shortly after the amended constitution of 1846 was adopted. There is, therefore, no force whatever in the suggestion that because county judges and "separate officers" under section 15 of article 6 have a term of office fixed by that provision, the office of surrogate in New York is regulated by it. We are, therefore, of the opinion that the present surrogate of the city was legally elected to fill the vacancy caused by the death of Mr. Van Schaick, as it appears was intended by the voters, and that it was the duty of the respondent to have given notice of an election of a successor to that office.

The motion should have been granted, and the order of the court below is, therefore, reversed and an order entered directing the issuing of such writ.

No costs are awarded to either party.